**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1379
_____

JACK DANIELS MOTORS, INC.,
                                                    Appellant

v.

UNIVERSAL UNDERWRITERS INSURANCE COMPANY
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Civ. Action No. 10-cv-5376)
District Judge: Honorable Stanley R. Chesler
_____

Submitted Under Third Circuit LAR 34.1(a)
September 22, 2011
_____

Before: FISHER, HARDIMAN, GREENAWAY, JR., *Circuit Judges*.

(Opinion Filed:  September 28, 2011)
_____

OPINION
_____


GREENAWAY, JR., *Circuit Judge*.

        Appellant, Jack Daniels Motors, Inc. ("Jack Daniels"), seeks review of the District

Court's decision granting the motion to dismiss filed by Universal Underwriters

Insurance Company ("Universal").  For the reasons set forth below, we will affirm the

District Court's decision.

## I.  Background

We write primarily for the benefit of the parties and recount only the essential facts.  Jack Daniels is a car dealership that sells Audis and other cars.  Jack Daniels filed a claim on its insurance policy with Universal, based on the policy's crime coverage provision.  The scheme leading to the claim involved two employees of Jack Daniels, who submitted fraudulent customer surveys to Audi.  The fraudulent surveys, when combined with genuine customer surveys, made it appear as if Jack Daniels had qualified for a performance bonus issued by Audi.  Upon discovery of the fraudulent surveys, Audi removed the tally of the fraudulent surveys and recalculated whether Jack Daniels qualified for the performance bonus.  Jack Daniels did not qualify.  Audi did not pay the bonus.

Jack Daniels urged that the fraud in which its employees engaged fell within the parameters of the crime coverage provision of its insurance policy.  Jack Daniels sought to recover from Universal the amount of the performance bonus, which it would have received if the fraudulent reviews were valid or if the surveys Jack Daniels obtained on its own, after discovery of the fraud, were included.

Universal declined to pay the claim, and Jack Daniels sought relief in the District Court.  Concluding that the potential bonus did not fall within the definitions in the crime coverage provision of the policy, the District Court granted Universal's motion to dismiss, with prejudice.

## II.  Jurisdiction and Standard of Review

The District Court had jurisdiction, pursuant to 28 U.S.C. § 1332.  We have jurisdiction, pursuant to 28 U.S.C. § 1291.

We exercise plenary review over a district court's grant of a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim.  Grief v. Klem, 591 F.3d 672, 676 (3d Cir. 2010).

"In deciding a motion to dismiss, all well-pleaded allegations of the complaint must be taken as true and interpreted in the light most favorable to the plaintiffs, and all inferences must be drawn in favor of them."  McTernan v. City of York, 577 F.3d 521, 526 (3d Cir. 2009).  To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted).

## III.    Analysis

Jack Daniels argues that the District Court erred in granting the motion to dismiss by reading the insurance policy too narrowly and failing to consider Jack Daniels's reasonable expectations regarding the extent of coverage.  We disagree and will affirm the District Court's decision for the reasons set forth in its opinion.

We note that the courts in New Jersey have recognized that an insured's reasonable expectations regarding the extent of coverage should be considered, but only in situations where "misleading terms and conditions of insurance" exist.  DiOrio v. New

3

Jersey Mfrs. Ins. Co., 398 A.2d 1274, 1280 (N.J. 1979).  When that occurs, "genuine ambiguities are resolved against the insurer."  Id.  We agree with the District Court that no ambiguities exist, and that the terms of the policy, as written, should be applied.

Jack Daniels also argues that the District Court should have allowed discovery to proceed in order to allow Jack Daniels to identify facts in support of its claim.  No amount of discovery would change the definitions and coverage set forth in the policy. Jack Daniels's policy only covered losses involving money, securities, and revenue and other stamps.  The performance bonus, which Jack Daniels had hoped to earn, does not fall within any of these defined terms, under their ordinary meaning, as the District Court aptly determined.  Therefore, there was no reason to allow the complaint to proceed to discovery.

## IV.  Conclusion

We will affirm the decision of the District Court.